UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TAURICE TAYLOR,

Plaintiff,

v.

MEDEL, et al.,

Defendants.

Case No. 2:26-CV-12198

Honorable Susan K. DeClercq
United States District Judge

______________________________/

**OPINION AND ORDER SUMMARILY DISMISSING COMPLAINT (ECF No. 1)**

Plaintiff Taurice Taylor, incarcerated at the St. Louis Correctional Facility in St. Louis, Michigan, filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983. (ECF No. 1). Having reviewed the complaint, the Court dismisses the complaint for failing to state a claim upon which relief can be granted.

## I. BACKGROUND

Plaintiff claims that several Defendants, corrections officers at the Saginaw Correctional Facility, falsified or forged witness statements concerning a physical confrontation between prisoners at the facility. Plaintiff alleges that the officers did so at the request of a hearings investigator. ECF No. 1 at PageID.3. The complaint is difficult at times to decipher, but Plaintiff appears to allege that officers incorrectly

identified him as being involved in the confrontation, pointing in part to discrepancies in the identifying information associated with "Taylor." *Id.*

Plaintiff alleges that Defendant Medel, one of the corrections officers, forged a misconduct report against Plaintiff that conflicted with other witness accounts and evidence. *Id.* Plaintiff claims that Medel did so in retaliation for prior complaints Plaintiff had made against him for harassment. *Id.* at PageID.3, 6.

Plaintiff alleges that Defendant Schneider, an Administrative Law Judge, falsified her report and maliciously prosecuted Plaintiff for prison misconduct. *Id.* at PageID.4, 7. According to Plaintiff, Schneider's findings conflicted with video evidence and other staff witnesses because Schneider found that Plaintiff repeatedly punched another prisoner and that the incident constituted an assault rather than a fight because no one involved punched Plaintiff back. *Id.* at PageID.4.

Plaintiff alleges that Lieutenant Fair, the reviewing officer, neglected his duties by failing to return the allegedly erroneous misconduct report for correction or otherwise address inconsistencies in the report. *Id.* at PageID.5, 7.

Plaintiff was apparently found guilty of misconduct, although the precise offense of conviction is unclear from the complaint. He alleges that he received sixty days of "toplock," thirty days' loss of privileges, loss of disciplinary credits, and additional security points that raised his security level. *Id.* at PageID.5. Plaintiff alleges that these events violated his due-process rights. *Id.* at PageID.5–7.

## II. LEGAL STANDARD

Plaintiff has been allowed to proceed without prepayment of fees. *See* 28 U.S.C. § 1915(a). Because Plaintiff is proceeding *in forma pauperis*, the Court must dismiss the complaint at any time if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B).

A complaint is frivolous if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see also Denton v. Hernandez*, 504 U.S. 25, 32 (1992). *Sua sponte* dismissal is appropriate if the complaint lacks an arguable basis when filed. *McGore v. Wrigglesworth,* 114 F.3d at 612.

While a complaint "does not need detailed factual allegations," the "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (footnote and citations omitted). Stated differently, "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To establish a prima facie case under 42 U.S.C. § 1983, a civil rights plaintiff must show that: (1) the defendant acted under color of state law; and (2) the offending conduct deprived the plaintiff of rights secured by federal law. *Bloch v. Ribar*, 156 F.3d 673, 677 (6th Cir. 1998) (citing *Parratt v. Taylor*, 451 U.S. 527, 535 (1981)). "If a plaintiff fails to make a showing on any essential element of a § 1983 claim, it must fail." *Redding v. St. Eward*, 241 F. 3d 530, 532 (6th Cir. 2001).

**III. DISCUSSION**

Plaintiff's complaint is subject to dismissal for several reasons.

First, Plaintiff's claim that he was charged with a false misconduct ticket fails because "a prisoner has no constitutional right to be free from false accusations of misconduct." *Jackson v. Hamlin*, 61 F. App'x 131, 132 (6th Cir. 2003) (citing *Freeman v. Rideout,* 808 F.2d 949, 951 (2d Cir. 1986)). "False accusations of misconduct filed against an inmate do not constitute a deprivation of constitutional rights where the charges are subsequently adjudicated in a fair hearing." *Cromer v. Dominguez*, 103 F. App'x 570, 573 (6th Cir. 2004). Plaintiff does not allege that he was not provided with a hearing on his misconduct ticket.

Secondly, Plaintiff failed to show that he has any right to due process in any prison disciplinary proceeding which results in sanctions less serious than the loss of good time credits or disciplinary segregation. In *Wolff v. McDonnell*, 418 U.S. 539, 571–72, n. 19 (1974), the Supreme Court declined to suggest that the minimum

due process procedures that it had outlined for the loss of good time credits in *Wolff* would also be required for the imposition of "lesser penalties such as the loss of privileges." Therefore, "while the Due Process Clause protects against the revocation of good-time, it does not provide the same level of protection against the imposition of other forms of discipline." *Levi v. Holt*, 192 F. App'x 158, 160 (3d Cir. 2006); *See also Lutz v. Hemingway*, 476 F. Supp. 2d 715, 719 (E.D. Mich. 2007) ("Because the only sanctions that the petitioner received here were the loss of privileges, it is doubtful that he was entitled to any due process procedures with respect to the U.D.C. hearing").

The Sixth Circuit has repeatedly held that misconduct convictions that do not result in the loss of good time credits are not atypical and significant deprivations and therefore do not implicate due process. *See, e.g.*, *McMillan v. Fielding*, 136 F. App'x 818, 820 (6th Cir. 2005); *Ingram v. Jewell*, 94 F. App'x 271, 273 (6th Cir. 2004); *Carter v. Tucker*, 69 F. App'x 678, 680 (6th Cir. 2003); *Sotherland v. Myers*, 41 F. App'x 752, 753 (6th Cir. 2002). Plaintiff does not allege or establish that he lost any good time credits as a result of his misconduct conviction, thus, he is not entitled to relief on his claim.

It is true that Plaintiff alleges he lost disciplinary time credits as a result of his misconduct conviction. *See* ECF No. 1 at PageID.5. Nonetheless, under Michigan law, disciplinary credits are not the same as good time credits. Prior to April 1, 1987,

prisoners in Michigan could still earn "good time credits" in the Michigan Department of Corrections to shorten their sentences and the loss of those credits could affect the duration of confinement. *See* Mich. Comp. Laws § 800.33(2); *Thomas v. Eby*, 481 F.3d 434 (6th Cir. 2007). After April 1, 1987, however, Michigan prisoners are eligible only for "disciplinary credits," which constitute but one factor in parole eligibility. *Id.* at 440. The Sixth Circuit concluded that loss of disciplinary credits (unlike good time credits) does not necessarily affect the duration of a Michigan prisoner's sentence. *Id.* Instead, it merely affects when a prisoner becomes eligible for parole and when he or she becomes eligible for discharge on parole, which remain discretionary with the parole board. *Id.* Plaintiff was convicted after April 1, 1987 and thus is not entitled to "good time" credits that could affect the duration of his confinement. *Eby*, 481 F.3d at 440; Mich. Comp. Laws § 800.33(2).

In *Nali v. Ekman*, 355 F. App'x 909 (6th Cir. 2009), the Sixth Circuit held that a misconduct citation in the Michigan prison system which results in the loss of disciplinary credits, as Plaintiff alleges, does not affect a prisoner's constitutionally protected liberty interests because it does not necessarily affect the length of confinement. *Id.* at 912. Because Plaintiff has no liberty interest in earning disciplinary credits, the loss of these credits as a result of his misconduct conviction fails to state a claim for relief.

Plaintiff's claim that his security classification was increased as a result of the false misconduct charge also fails to state a claim for relief. A prisoner has no right to be given a particular security level, *Olim v. Wakinekona*, 461 U.S. 238, 245 (1983); *Montanye v. Haymes*, 427 U.S. 236, 242 (1976), nor does a prisoner have a constitutional right to placement in a particular prison. *Hewitt v. Helms*, 459 U.S. 460, 468 (1983). The use of false or inaccurate information to increase a prisoner's security level thus fails to state a claim upon which relief can be granted. *See Johnson v. CCA-Ne. Ohio Corr. Ctr. Warden*, 21 F. App'x 330, 332–33 (6th Cir. 2001).

Finally, the other sanctions Plaintiff received would not represent a deprivation of a constitutionally protected liberty interest. *See e.g.*, *Carter v. Tucker*, 69 F. App'x 678, 680 (6th Cir. 2003) (loss of privileges and placement in segregation do not implicate a liberty interest sufficient to invoke the Due Process Clause); *Green v. Waldren*, No. 99–1561, 2000 WL 876765, at * 2 (6th Cir. June 23, 2000) (toplock does not represent an atypical or significant hardship amounting to a violation of any liberty interest).

Plaintiff does not allege or establish that he lost any good time credits as a result of his prison misconduct conviction, thus, he is not entitled to relief on this claim.

## IV. CONCLUSION

Accordingly, it is **ORDERED** that the complaint (ECF No. 1) is **DISMISSED WITH PREJUDICE** for failing to state a claim upon which relief can be granted.

Based on the preceding discussion, this Court certifies that any appeal by plaintiff would be frivolous and not in good faith. 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

**IT IS SO ORDERED**.

/s/*Susan K. DeClercq*
SUSAN K. DeCLERCQ
United States District Judge

Dated: October 7, 2026